# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHRISTOPHER HILL, | : | |
| Plaintiff, | : | Case No. 3:06CV194 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | :<br><br>: | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.     INTRODUCTION

The Equal Access to Justice Act ("EAJA") requires the Government to pay a prevailing Social Security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). The parties in the instant case dispute whether the Government must pay Plaintiff Christopher Hill's attorney fees under the EAJA. (Doc. #s 14, 16).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II. PROCEDURAL BACKGROUND

Previously in this case, the Court vacated an Administrative Law Judge's ("ALJ's") non-disability decision and, invoking sentence four of 42 U.S.C. §405(g), remanded the case to the Social Security Administration for further proceedings. (Doc. #s 10, 12). Plaintiff thereafter filed his presently pending Motion seeking an award of attorney fees under the EAJA totaling $2,978.82.

Plaintiff contends that the Commissioner's support for the Administrative Law Judge's (ALJ's) decision was not substantially justified for numerous reasons, most notably the ALJ's legal error in crediting the opinions of Dr. Hutson, a non-treating physician, without evaluating his opinions under the factors required by the Commissioner's Regulations.

The Commissioner contends that his position in support of the ALJ's decision was substantially justified.

## III. DISCUSSION

### A. <u>Attorney Fees under the EAJA</u>

"[S]ubstantially (*i.e.*, for the most part) justified...," under the EAJA, denotes a position that is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). A reasonable person could find the Commissioner's position substantially justified if it rested on "a reasonable basis in

law and fact." *Pierce*, 487 U.S. at 566 n.2; *see Howard*, 376 F.3d at 554. Even if it ultimately lacked merit, if the Government's position rested on a reasonable basis in law and fact, it meets the substantial justification standard. *See Pierce*, 487 U.S. at 566 n.2; *see also Howard*, 376 F.3d at 554.

The EAJA places the burden on the Government to demonstrate that its position was substantially justified. *See Healey v. Leavitt*, 485 F.3d 63, 67 (2nd Cir. 2007); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007)(courts have "uniformly recognized" that this burden "must be shouldered by the Government.").[2]

**B.** <u>Analysis</u>

The Commissioner maintains that he "had a reasonable basis for concluding that the ALJ's analysis of Dr. Hutson's opinions was adequate." (Doc. #16 at 7). The Commissioner argues that the ALJ noted that Dr. Hutson was a board-certified orthopaedic surgeon, that he had reviewed the entire medical evidence in the administrative record, and his opinion proved consistent with the substantial evidence of record. *Id.*

The Commissioner's support for the ALJ's decision to accept Dr. Hutson opinion was not reasonable because the ALJ failed to evaluate Dr. Hutson's opinions under the required regulatory factors. As explained previously in this case, the ALJ did "not offer

---

[2] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988).

3

any reason for fully crediting the opinions of Dr. Hutson over the opinions of Hill's treating physician, Dr. Keyes, or over the opinions of one-time examining physician, Dr. O'Connell. This ... failed to comply with 20 C.F.R. §404.1527(f)(iii), which mandates, 'Administrative Law judges may also ask for opinions from medical experts on the nature and severity of your impairments.... When administrative law judges consider these opinions, they will evaluate them using the rules [including the regulatory factors] in paragraphs (a) through (e) of this section..'" (Doc. #10 at 10-11). The Court also previously noted how Social Security Ruling 96-6p, 1996 WL 374180 at *3 stresses the importance of such weighing. (Doc. #10 at 11). And the Court previously stated, "Because there is no indication in the ALJ's decision that he considered or applied any of the required factors to Dr. Hutson's opinions, it fails to comply with the mandates of 20 C.F.R. §404.1527(d), (f)(iii) and Ruling 96-6p and is consequently flawed by legal error. *Cf. Rogers*, 486 F.3d at 246 (ALJ erred by failing 'to explain in any illuminating way why he elected to elevate the opinion of a single non-treating non-examining orthopedic surgeon over four conflicting opinions....'). The need for such weighing was particularly acute because the ALJ rested his assessment of Hill's RFC [Residual Functional Capacity] solely on Dr. Hutson's opinions." (Doc. #10 at 11-12).

The Commissioner's present arguments, moreover, do not show substantial justification because the arguments do not specifically address the ALJ's error when evaluating the opinions provided by Plaintiff's treating physician, Dr. Keyes. The ALJ erred as a matter of law by prematurely stopping his evaluation of Dr. Keyes' opinions

4

once the ALJ rejected those opinions under the treating physician rule. As explained previously in this case, the Regulations required the ALJ to continue his evaluation of Dr. Keyes' opinions under the remaining regulatory factors – such as supportability or consistency – which the ALJ did not do. (Doc. #10 at 9-10). By overlooking or not recognizing the significance of the ALJ's legal error, the Commissioner's support for the ALJ's decision lacked a reasonable basis in law. *Cf. Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge is without substantial justification.").

Accordingly, Plaintiff's Motion for Attorney Fees is well taken.[3]

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion For Attorney Fees Under Equal Access To Justice Act, 28 U.S.C. §2412(d) (Doc. #14) be GRANTED;

2. Plaintiff be granted an award of attorney fees under the EAJA in the amount of $2,978.82; and

3. The case remain terminated on the docket of this Court.

November 7, 2008              s/ Sharon L. Ovington
                              Sharon L. Ovington
                              United States Magistrate Judge

---

[3] The Commissioner has not challenged as unreasonable the amount of attorney fees requested by Plaintiff under the EAJA. (Doc. #16 at 2-8).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).